UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DOROTHY NESKE and CHRISTOPHER NESKE,
as Parents and Natural Guardians of A.N., and
DOROTHY NESKE and CHRISTOPHER NESKE,
Individually,                                                                      **COMPLAINT**

                Plaintiffs,                                20-CV-_____

    -against-

RICHARD CARRANZA, in his official capacity as
Chancellor of the New York City Department of
Education and THE NEW YORK CITY DEPARTMENT
OF EDUCATION,
                Defendants.
------------------------------------------------------------------------x

       Plaintiffs DOROTHY NESKE and CHRISTOPHER NESKE ("Parents"), the parents and natural guardians of A.N.[1], in the above-captioned case, as and for their Complaint, allege as follows:

## JURISDICTION AND VENUE

1. The instant case arises under a federal statute, the Individuals with Disabilities Education Act (20 U.S.C. §1400, *et seq*.) ("IDEA") and the regulations of the United States Department of Education, which were promulgated pursuant to authority granted by the statute (34 C.F.R. Part 300).

2. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §1331, in that the claims arise under federal law (IDEA), 28 U.S.C. §1343(a), in that the claims arise under laws providing for the protection of civil rights, and under 42 U.S.C. §1983.

---

[1] Although the full names of the Parents are used in the Complaint herein, pursuant to the federal Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g (and 34 C.F.R. Part 99), Plaintiffs' counsel is using the initials of the Student to protect the Student's privacy.

3. To the extent, if any, that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Pursuant to 28 U.S.C. §1391(b), venue is properly placed within the Eastern District of New York in that Defendants Richard Carranza, Chancellor of the New York City Department of Education and the New York City Department of Education ("DOE") maintain business offices in Kings County (Brooklyn).

5. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. §1988(b) and 20 U.S.C. §1415(i), if determined to be the prevailing party.

## FACTUAL ALLEGATIONS

6. Plaintiffs DOROTHY NESKE and CHRISTOPHER NESKE ("Parents") are A.N.'s parents.

7. A.N. is a nine-year-old-boy who suffers from a brain injury. As a result of his brain injury, he has global developmental impairments. These impairments adversely affect his educational abilities and performance. A.N. is nonverbal and non-ambulatory, has highly intensive management needs, and requires a high degree of individualized attention, instruction, and intervention.

8. A.N. is classified as a student with a disability pursuant to the IDEA and New York State Education Law, and is a resident of New York City. As such, DOE is obligated to provide him with a Free Appropriate Public Education ("FAPE") pursuant to IDEA. Accordingly, DOE must provide A.N. with an appropriate educational placement, set forth in an Individualized Education Program ("IEP"), for every school year.

9. A.N. was a student at the International Academy of Hope ("iHOPE") during the 2017-2018 school year. iHOPE, located in New York City, is an education program that focuses on

educating school-aged students with brain injuries and brain-based disorders. During that school year, A.N. received all of his academic and related services at iHOPE. He had an extended school day and was part of a twelve (12)-month academic program. A.N. attended a 6:1:1 class and also had the services of a 1:1 paraprofessional during the school day. He received special education related services (Assistive Technology Services, Occupational Therapy, Physical Therapy, Speech and Language Therapy, and Vision Education Services), as well as assistive technology devices, and special transportation services that consisted of a 1:1 transportation paraprofessional, a wheelchair accessible vehicle with air conditioning, and limited travel time of no more than 60 minutes.

10. During the 2017-2018 school year, Parents asserted that DOE had not offered or provided A.N. a FAPE and commenced a due process proceeding by filing an administrative due process complaint ("DPC") against DOE.

11. By decision dated March 6, 2018 (IHO Case No. 170640), Impartial Hearing Officer Sharyn Finkelstein, who was appointed by DOE pursuant to the New York State Education Department's rules and procedures, issued a Findings of Fact and Decision ("FOFD"). This FOFD found that A.N.'s educational program and placement at iHOPE was appropriate and ordered DOE to fund A.N.'s educational program at iHOPE for the 2017-2018 school year. Neither party appealed from the decision.

12. On June 21, 2018, Parents advised DOE, through a statutory "ten-day notice," of their intent to enroll A.N. in the International Institute for the Brain ("iBRAIN") for the 2018-2019 school year and to seek public funding for A.N.'s education at iBRAIN. Like iHOPE, iBRAIN is located in New York City, and is an education program that focuses on educating school-aged students with brain injuries and brain-based disorders.

13. By letter dated July 9, 2018, Parents brought a DPC in IHO Case No. 175150 against DOE alleging, *inter alia*, that DOE did not offer or provide A.N. with a FAPE for the 2018-2019 school year and requesting relief, *inter alia*, a "stay-put" or Order on Pendency ("OP"). Such relief would require DOE to fund A.N.'s placement at iBRAIN during the pendency of the due process proceeding, as required by 20 U.S.C. §1415(j).

14. On July 9, 2018, A.N. started attending iBRAIN. He received all of his academic and related services at iBRAIN. He had an extended school day and was part of a 12-month academic program. A.N. attended a 6:1:1 class and had the services of a 1:1 paraprofessional during the school day. He received special education related services (Assistive Technology Services, Occupational Therapy, Physical Therapy, Speech and Language Therapy, and Vision Education Services), as well as assistive technology devices and special transportation services that consisted of a 1:1 transportation nurse, a wheelchair accessible vehicle with air conditioning, and limited travel time of no more than 60 minutes.

15. On October 9, 2018, IHO Brad Rosken ("IHO Rosken") conducted a pendency hearing in the underlying administrative case. By decision and order dated October 9, 2018, IHO Rosken found that A.N.'s pendency program was that of his former school, iHOPE, and that such placement must remain A.N.'s pendency placement absent evidence of its unavailability.

16. Parents appealed from IHO Rosken's order of pendency to the New York State Education Department's Office of State Review ("SRO"), where the matter was dismissed by a State Review Officer on procedural grounds.

17. Parents then commenced a civil action in federal district court (*Neske v. New York City Dep't of Educ.*, 19-CV-2933 (VEC) (S.D.N.Y. November 7, 2019), and subsequently an appeal to the Second Circuit Court of Appeals (*Neske v. New York City Dep't of Educ.*, Dkt. No. 19-4068, December 9, 2019), regarding the issue of pendency for A.N.

18. IHO Rosken recused from the matter, and the impartial hearing on the merits was conducted by IHO Edgar De Leon ("IHO De Leon"). In the hearing, the Parents argued: 1) DOE failed to offer or provide a FAPE to A.N.; 2) the Parents' placement of A.N. at iBRAIN during the 2018-2019 school year was appropriate; and 3) the balance of equities favored the Parents' claim for reimbursement of tuition and related services (including special transportation).

19. IHO De Leon issued his FOFD dated February 24, 2020. In the FOFD, IHO De Leon found that DOE had denied A.N. a FAPE during the 2018-2019 school year and that the Parents' placement of A.N. at iBRAIN during the 2018-2019 school year was appropriate for A.N. However, IHO De Leon denied all reimbursement to the Parents on the basis of equitable considerations.

20. Parents appealed to the SRO from IHO De Leon's finding that the equities did not favor the Parents.

21. By decision dated June 8, 2020, State Review Officer Justyn P. Bates ("SRO Bates") rendered a decision in SRO Appeal No. 20-070. In that decision, SRO Bates upheld IHO De Leon's determination that all tuition and related service costs be denied based on equitable considerations.

22. SRO Bates erred by finding that the hearing record supported IHO De Leon's findings regarding witness credibility.

23. Additionally, SRO Bates erred by deciding that the hearing record supported IHO De Leon's finding that a total denial of reimbursement was warranted based on equitable considerations against the Parents.

## CAUSES OF ACTION

24. Pursuant to 20 U.S.C. §1415(i)(2), Plaintiffs seek appellate review and reversal of SRO Bates' Decision in SRO Appeal No. 20-070, dated June 8, 2020.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Issue a Preliminary Injunction:

    i. Vacate SRO Appeal No. 20-070 dated June 8, 2020;

    ii. Vacate and reverse IHO De Leon's FOFD in IHO Case No. 175150 to the extent that IHO De Leon found that equitable considerations supported a total denial of reimbursement of tuition and related services for A.N. to attend iBRAIN during the 2018-2019 school year;

    iii. Issue an order that equitable considerations support a full award of payment and/or reimbursement of tuition and related services, including special transportation, at iBRAIN during the 2018-2019 school year for A.N.;

    iv. Order DOE to fund A.N.'s placement at iBRAIN for the 2018-2019 school year;

    v. Award to Plaintiffs their costs and attorneys' fees; and

      vi.      Grant such other and further relief as this Court deems just and proper.

Dated: October 6, 2020                              Respectfully Submitted,

                                                            /s: Peter G. Albert/

                                                            Peter G. Albert, Esq.
                                                            Brain Injury Rights Group, Ltd.
                                                           Attorneys for Plaintiffs
                                                           300 East 95th Street, Suite 130
                                                           New York, New York 10128
                                                           (646) 850-5035